IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| RUSSELL THOMAS MAY, | ) |
| | ) Civil Action No. 3: 20-cv-0048 |
| Petitioner, | ) |
| | ) United States District Judge |
| v. | ) Kim R. Gibson |
| | ) |
| ERIC BRADLEY, WARDEN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking expungement of a disciplinary action or, in the alternative, remand for a new, administrative hearing. (ECF No. 3). Respondents filed a Response to the Petition in which they argue that this Court does not have jurisdiction over the matter as Petitioner was transferred out of this District before he filed this Petition and, at the time he filed this case was incarcerated in USP-Lompoc, located within the jurisdictional boundaries of the United States District Court for the Central District of California. (ECF No. 11).

The magistrate judge issued a Report and Recommendation on September 14, 2020, recommending that this case be transferred to the United States District Court for the Central District of California,. (ECF No. 15). Petitioner filed objections wherein he acknowledges that the "Central District of California may have been the appropriate district court at the time of initial filing," but requests that this Court transfer the case to the Western District of Louisiana as he has been transferred to FCI Oakdale I, which is located in Oakdale, Louisiana.

Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the report and recommendation to which objections were

1

made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. The Court finds that Petitioner's objections do not undermine the recommendation of the Magistrate Judge.

As the Report and Recommendation explains, Petitioner filed this action when he was incarcerated in USP Lompoc, which is located Lompoc, CA, and because Petitioner was transferred out of this District before he filed his petition, jurisdiction in this Court was never properly established. Petitioner is currently housed at FCI Oakdale I, following a brief sojourn at Oklahoma City Federal Transfer Center, while in transit to FCI Oakdale I.

In *Rumsfield v. Padilla*, 542 U.S. 426 (2004), the Supreme Court of the United States interpreted the provisions of 28 U.S.C. § 2241(a), which provides that district courts are limited to granting habeas relief "within their respective jurisdictions." The Court stated: "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. Although the Court used the word "jurisdiction," when discussing § 2241(a), the Court explained that the term as used in the statute does not refer to the subject matter of the District Court but rather to the court's "territorial jurisdiction over the proper respondent." *Id.* at 434 n.7, 444. Thus, under *Padilla*, the only proper venue for this case is the United States District Court for the Central District of California, where Petitioner was located at the time the petition was filed.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, this case will be transferred to the United States District Court for the Central District of California. An appropriate Order follows.

Dated: November 4, 2020

Kim R. Gibson
United States District Judge

cc: **RUSSELL THOMAS MAY,**
19056-032
FCI OAKDALE I
FEDERAL CORRECTIONAL INSTITUTION
INMATE MAIL - OPEN ONLY IN INMATE PRESENCE
P. O. BOX 5000
OAKDALE, LA 71463
(via U.S. First Class Mail)

Adam Fischer
U.S. Attorney Office – Western District of Pennsylvania
(via ECF electronic notification)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| RUSSELL THOMAS MAY, | )<br>) Civil Action No. 3: 20-cv-0048 |
| Petitioner, | )<br>)<br>) United States District Judge |
| v. | ) Kim R. Gibson<br>) |
| ERIC BRADLEY, WARDEN, | )<br>)<br>) |
| Respondent. | ) |

**ORDER**

**AND NOW**, this 4th day of November, 2020, in accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that this case be transferred to the United States District Court for the Central District of California **FORTHWITH.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 15), as supplemented herein, is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Appellate Procedure 4(a)(l)(B), Petitioner has sixty (60) days after judgment is entered to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure. Federal prisoner appeals from the denial of a Section 2241 habeas proceeding are not governed by the certificate of appealability requirement. *See United States v. Cepero,* 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by *Gonzalez v. Thaler,* 132 S.Ct. 641 (2012). Therefore, Petitioner need not apply for one with this Court or with the Court of Appeals for the Third Circuit before filing an appeal from the denial of his habeas petition.

1

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

_____
Kim R. Gibson
United States District Judge


cc: **RUSSELL THOMAS MAY,**
19056-032
FCI OAKDALE I
FEDERAL CORRECTIONAL INSTITUTION
INMATE MAIL - OPEN ONLY IN INMATE PRESENCE
P. O. BOX 5000
OAKDALE, LA 71463
(via U.S. First Class Mail)

Adam Fischer
U.S. Attorney Office – Western District of Pennsylvania
(via ECF electronic notification)

2